# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 30, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL L. BENNETT,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0183**  (BOR Appeal No. 2046180)
(Claim No. 2009075972)

**MINE TEMP, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael L. Bennett, by Christopher Wallace and Raymond Hinerman, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mine Temp, LLC, by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2012, in which the Board affirmed a July 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 16, 2011, decision denying Mr. Bennett's request for a referral to a spine center. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bennett injured his lower back on January 19, 2009, when he fell while walking to a man trip. On January 21, 2009, the claim was held compensable for sprain/strain of the lumbar region. On December 14, 2010, Dr. Khan, Mr. Bennett's treating physician, requested authorization for a referral to a spine center. On January 1, 2011, Dr. Condaras performed a records review. He noted that diagnostic imaging performed on January 19, 2009, was normal and found that Mr. Bennett's two-and-a-half year old back injury should be healed. On January 27, 2011, Dr. Mukkamala performed a records review and recommended denying the request for

a referral to a spine center. He also noted that the January 19, 2009, x-rays were normal and pointed out that the injury is a two-and-a-half year old soft tissue injury. On March 16, 2011, the claims administrator denied Mr. Bennett's request for a referral to a spine center.

In its Order affirming the March 16, 2011, claims administrator's decision, the Office of Judges held that a referral to a spine center does not constitute reasonable medical treatment in connection with the compensable injury. Mr. Bennett disputes this finding and asserts that the evidence of record demonstrates that his treating physician's request for a referral to a spine center is reasonable.

The Office of Judges relied on the opinions of Dr. Condaras and Dr. Mukkamala, and noted that Dr. Mukkamala found that a spine clinic referral is not justified based on the medical record. The Office of Judges further found that the StreetSelect Grievance Board supported the denial of a referral to a spine center. Further, the Office of Judges noted that Dr. Grady found Mr. Bennett to be at maximum medical improvement. Finally, the Office of Judges found that the statements of record from Mr. Bennett's treating physicians requesting the referral do not thoroughly relate his current symptoms to the compensable injury, and do not explain the apparent two year period during which there is no evidence of Mr. Bennett's continued treatment for the compensable lumbar spine injury. The Board of Review reached the same reasoned conclusions in its decision of February 3, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 30, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II